E-FILED
Tuesday, 20 October, 2026 02:24:43 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

TROY DARNELL MCKINNEY,
Petitioner,

v.

DARRON HYTE, Warden,
Respondent.

Case No. 1:26-cv-1378-JEH

**Order**

Before the Court is Petitioner Troy Darnell McKinney's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). For the reasons below, the Court DISMISSES Petitioner's § 2254 Petition WITHOUT PREJUDICE as unexhausted and DECLINES to issue a certificate of appealability.

**I**

McKinney is currently imprisoned in the Illinois Department of Corrections pursuant to a state court judgment. In January 2022, a jury in Peoria County Circuit Court, Illinois, convicted McKinney of one count of Armed Habitual Criminal (AHC) and unlawful possession of a weapon by a felon. *People v. McKinney*, 2025 IL App (4th) 241022-U, ¶¶ 9, 12. McKinney filed a pro se motion for new trial and other post-trial proceedings, arguing his counsel was ineffective for failing to review discovery with him, impeach the state's witness, move to suppress evidence, and introduce a 911 call. *Id.* ¶ 14. After a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), to inquire into McKinney's ineffective assistance of counsel claims, the circuit court denied the motions. The circuit court found the conviction for unlawful possession of a weapon by a felon

merged with his AHC conviction, and sentenced him to nine and a half years in prison. *Id.* ¶ 17.

McKinney appealed, arguing the case should be remanded because the *Krankel* hearing was inadequate and the record showed defense counsel may have neglected the case. *People v. McKinney*, 2023 IL App (4th) 22-356-U, ¶ 32. The Illinois Appellate Court agreed and remanded the case. *Id.* ¶¶ 36–37.

McKinney filed a new post-trial motion on remand and it was again denied. *McKinney*, 2025 IL App (4th) 241022-U, ¶¶ 20–23. He appealed again, arguing (1) the State failed to prove him guilty of AHC because of his age at the time of his predicate convictions, *id.* ¶ 27; (2) he was denied a fair trial because the trial court summarized and mischaracterized a witnesses testimony during the trial, *id.* ¶ 28; and (3) counsel was ineffective when he failed to adequately communicate and discuss the discovery with McKinney, object to the trial court's alleged mischaracterization of the evidence, and subpoena a 911 call, *id.* ¶ 29. The Illinois Appellate Court disagreed and affirmed his conviction. *Id.* ¶ 61.

McKinney then filed a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court, seeking review of his fair trial claim and his ineffective assistance of counsel claim. (Doc. 1 at 28–47). The Illinois Supreme Court denied the PLA on January 28, 2026. *People v. McKinney*, 274 N.E.3d 111 (Ill. 2026).

McKinney reports he then filed a state postconviction petition in the circuit court on May 18, 2026. (Doc. 1 at 4); *see also* Post Conviction Petition, *People v. McKinney*, 21-cf-561-1 (Peoria Cnty. Cir. Ct., May 18, 2026). In this petition, he states he raised the following grounds:

> Unlawful arrest; search and seizure and no probable cause[;] impartial jury, unfair trial, ineffective assistance of counsel [;] inability to confront [accuser], insufficient evidence not beyond a reasonable doubt [;] due process violations include: prosecutorial misconduct, misleading the jury, improper and false statements in

> opening and closing; and grand jury misconduct, inadmissible evidence and testimony.

(Doc. 1 at 4). McKinney states he had not received a response to his state postconviction petition at the time he filed this Petition. *Id.* at 5.

On September 8, 2026, McKinney filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He divides his claims into three categories: (1) his Fourth Amendment rights were violated by an unlawful arrest and illegal search and seizure (Doc. 1 at 5); (2) his Sixth Amendment rights were violated when the judge mischaracterized the evidence, his counsel was ineffective, and he did not receive a speedy trial (*id.* at 7); and (3) his Fourteenth Amendment rights were violated because there was false testimony, and manipulated and misleading evidence (*id.* at 8). McKinney did not raise his Fourth Amendment or Fourteenth Amendment claims in his direct appeal, but is attempting to raise them in his state postconviction petition. *Id.* at 6, 9. McKinney also says he raised his Sixth Amendment claims in his direct appeal, but is raising them again in his state postconviction petition because "the trial court was misled to the contents of the 911 call" and other discrepancies meant the claim was not properly considered on direct appeal. *Id.* at 7.

The Court preliminary reviewed the Petition and ordered McKinney to show cause as to why his Petition should not be dismissed without prejudice as unexhausted. (Doc. 3). McKinney has now filed a response, in which he seeks the Court stay and abey his Petition. (Doc. 4).

**II**

McKinney's claims are unexhausted, and the Court does not find cause to stay and abey this Petition while he exhausts his claims in his state postconviction petition. "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure

that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). One of these rules is that a state prisoner must exhaust adequate and available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c).

To fairly present a federal claim, a petitioner must assert that claim throughout at least one complete round of state court review, whether on direct appeal of his conviction or in postconviction proceedings. *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). The complete round requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Id*. at 268. While a petitioner does not have to pursue all separate state remedies that are available to him, he must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). In Illinois, the "one complete round" requirement requires the petitioner to "include his claims in a petition for leave to appeal to the Illinois Supreme Court." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845–46 (1999)).

McKinney is in the process, but he has not exhausted his claims yet. He did not raise his Fourth or Fourteenth Amendment claims in his direct appeal, but is pursuing them in his state postconviction motion. And, while he raised some of his Sixth Amendment claims in his direct appeal, he is seeking further review of these claims and other claims in his state postconviction petition.

In his response to the order to show cause, McKinney argues that he was unable to present his arguments on direct appeal because they were not properly preserved by trial counsel. (Doc. 4 at 1–2, 8). But even if he was not able to present the arguments in his direct appeal, it does not follow that he is not able to

present the arguments through one complete round of state court review by presenting them in a state postconviction petition. Indeed, McKinney *has* filed a state postconviction petition which, if there are no other procedural bars to relief, will allow the state court to consider the merits of his constitutional claims. Accordingly, there is a state process available for him to exhaust this claims even if he is correct that they were not able to be presented in his direct appeal. And, it is only *after* McKinney completes his state court postconviction proceedings (including appealing to the Illinois Appellate Court and filing a PLA with the Illinois Supreme Court) that McKinney may be said to have exhausted his claims in state court and be permitted to file his § 2254 proceeding.

McKinney asks that the Court stay and abey the case rather than dismiss it. In appropriate cases, the Court has discretion to stay "mixed" petitions—those with both exhausted and unexhausted claims—pending resolution of the unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court should not grant a stay and abeyance if the petitioner has not shown good cause, if "the unexhausted claims are plainly meritless, or [if] a petitioner has engaged in abusive litigation tactics or intentional delay." *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (citing *Rhines*, 544 U.S. at 277–78). Since McKinney is still pursuing all of the grounds he wishes to raise here in his postconviction petition, the Court does not find that it is a "mixed" petition that would require consideration of the stay and abey process. Moreover, the Court does not find it appropriate to stay and abey the case because there is no good cause to do so. McKinney will still have ample time left in the one-year statute of limitations to file his federal habeas petition after he exhausts his claims in state court. *See* 28 U.S.C. § 2244(d). Notably, the statute of limitations has only run during the time period from the end of his direct appeal until he filed his state postconviction

petition in May 2026, and is currently tolled while his postconviction proceedings are pending. *See* 28 U.S.C. § 2244(d)(2).

**III**

Should McKinney wish to appeal this decision, he must obtain a certificate of appealability.28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). The Court does not find reasonable jurists could disagree that McKinney's claims are unexhausted. Accordingly, the Court declines to issue a certificate of appealability.

**IV**

For the reasons above, the Court DISMISSES Petitioner Troy Darnell McKinney's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) WITHOUT PREJUDICE as unexhausted, and DECLINES to issue a certificate of appealability. The Clerk is DIRECTED to issue judgment and CLOSE the case.

*It is so ordered.*

Entered on October 20, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE